IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

AT MAY TERM, 1839.

---

### PETER P. OBART v. JOHN S. LETSON.

On *Certiorari* to Middlesex Pleas.   On a writ of attachment.

A Sheriff has authority to reject unlawful evidence, on an inquest held before him, to try the claim of property which he has levied upon by virtue of an attachment.

The receipt of the defendant in attachment, for the price of the property claimed, is competent *prima facie* evidence in support of the claim.

---

*W. H. Lupp*, for plaintiff in *Certiorari*.
*J. Van Wyke*, for defendant, who was plaintiff in attachment.

The opinion of the Court, was delivered by

DAYTON, J.   A writ of attachment having issued from the Middlesex Pleas, returnable December T, 1838 against one Wareham Fifield, the Sheriff by virtue thereof, attached one bay mare which was claimed by Obart the plaintiff in *Certiorari*. Upon the trial of his claim, before the sheriff's inquest, Obart offered in evidence, after the same was duly proved, a receipt from Fifield for one hundred and ten dollars, for a bay mare about six years old. dated October 30, 1838.

I infer from the dates and proceedings, that the receipt was prior to the execution of the attachment, and that there was no dispute as to the identity of the mare.

The receipt having been over-ruled by the sheriff, it is agreed that the case here, shall be decided on the errors assigned.

1. That the sheriff holding said inquest, had no authority to exclude testimony.

2. That the receipt which he excluded, was competent evidence.

That the Legislature intended the sheriff should have authority to exclude testimony in such a case, is evident from the language of the 5th *sec.* of the supplement to the attachment act passed 13 February, 1830, *Harr. Comp.* 293, which enacts, among other things, that " the sheriff or other officer shall have power not only to administer the usual oath or affirmations to the jurors, but to swear or affirm the witnesses offered by either party, *and admitted by him.*" This language most clearly recognizes his right to admit or reject testimony.

The case of *Tillotson* v. *Cheetham,* 2 *J. R.* 63, cited upon the part of the plaintiff, simply shows that the powers of the sheriff on the ordinary inquest of damages, after a judgment by default, are ministerial, and may be exercised by deputy ; not that he may not admit or reject evidence, which is really requisite to the performance of his ministerial act. The power to admit or reject evidence, in such cases, is in the sheriff, not the jury. *Snowden* v. *Johnson,* 2 *Penn.* 469; *Williams* v. *Cooper,* 3 *Dowl.* 204; 3 *Chitty's Pract.* 48, 673.

And of course nothing is competent, except such as would be competent upon the trial of an issue in Court; 2 *Saund. on Pl. and Ev.* 686. The sheriff had authority in this case, to reject illegal evidence, but the receipt offered was not illegal evidence— it was clearly competent. The issue was, did Fifield own the mare ? The receipt was *prima facie* evidence that he had sold her to the claimant, and received the purchase money. It was not necessary to produce Fifield himself, even if he had been disposed to come. If fraud, or collusion were alleged, it was the duty of Obart to prove it.

For the rejection of this evidence, the inquisition must be set aside.

HORNBLOWER, C. J. and FORD, WHITE and NEVIUS, Justices, concurred.

*Inquisition set aside.*